UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
JOHN DUFFY, KENNETH HUBER, PHILLIP
CAPOBIANCO, SCOTT ADRIAN, PAUL O'BRIEN,
MARC HERBST, JAMES HANEY III, and JAMES
PRATT, III, as Trustees of Local 138, 138A & 138B,
INTERNATIONAL UNION OF OPERATING
ENGINEERS WELFARE FUND, LEGAL FUND,
APPRENTICESHIP TRAINING FUND, and ANNUITY
FUND, and MICHAEL FANNING as CEO of the
CENTRAL PENSION FUND, and WILLIAM K.
DUFFY, JR. as President of LOCAL 138, 138A & 138B,
INTERNATIONAL UNION OF OPERATING
ENGINEERS,

       Plaintiffs,      <u>REPORT AND</u>
                     <u>RECOMMENDATION</u>
 -against-
                     CV 10-3205 (ADS) (ETB)

OYSTER BAY INDUSTRIES, INC. and JAMES
FUNFGELD,

       Defendants.
----------------------------------------------------------------------x

TO THE HONORABLE ARTHUR D. SPATT, United States District Judge:

  The plaintiffs, the Trustees of four employee benefits funds ("plaintiffs" or "the Trustees"), brought this action against the defendants, Oyster Bay Industries, Inc. ("Oyster Bay Industries") and its owner, James Funfgeld ("Funfgeld") (collectively "defendants"), pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132. Plaintiffs seek to recover unpaid employee benefit contributions that Oyster Bay Industries was obligated to pay under the terms of its collective bargaining agreement with Local 138, 138A and 138B (the "Union"), as well as interest, liquidated damages, audit fees, and

-1-

reasonable attorney's fees and costs, pursuant to ERISA.

## FACTS

Plaintiffs commenced this action on July 14, 2010. Defendants failed to answer or otherwise appear in this action. On October 22, 2010, Judge Spatt entered a default judgment against defendants and referred the action to the undersigned for a Report and Recommendation with respect to the amount of damages that plaintiffs should be awarded, including reasonable attorney's fees. An inquest on damages was held before the undersigned on January 25, 2011. Defendants did not appear at the inquest.

William Duffy, the President of the Union and a named plaintiff herein, testified at the inquest. Mr. Duffy testified that Oyster Bay Industries has been a Union contractor for more than twenty years, pursuant to a collective bargaining agreement. (Tr. 4-5; Pl. Ex. 1-2.) Under the terms of the collective bargaining agreement, Oyster Bay Industries was obligated to make certain fringe benefit contributions for its employees on a weekly basis. (Tr. 6; Pl. Ex. 2.)

Mr. Duffy testified that in order to ensure a contractor's compliance with the fringe benefit contribution obligation, the Union is permitted to audit the company's books and records. (Tr. 8-9; Pl. Ex. 2.) With respect to Oyster Bay Industries, an audit was performed by the Union's accounting firm, Berdon LLP, and a detailed audit report was submitted to the Union on April 2, 2010. (Tr. 9-10; Pl. Ex. 7.) Thereafter, the Union advised Oyster Bay Industries of the audit's findings and provided them with a copy of both the completed audit and the draft format to allow Oyster Bay Industries an opportunity to dispute any of the findings. (Tr. 10.) According to the audit report, Oyster Bay Industries failed to remit $44,161.53 in fringe benefit

contributions for the period January 1, 2007 through December 31, 2009. (Tr. 19;[1] Pl. Ex. 7.)

The Union met with Mr. Funfgeld, the owner of Oyster Bay Industries, to discuss the audit report. (Tr. 10.) Mr. Funfgeld advised the Union that he wanted to terminate his relationship with the Union. (Tr. 10.) Oyster Bay Industries has not made any payment of the amount found to be due and owing pursuant to the audit. (Tr. 10.) Accordingly, the Trustees commenced the within suit against Oyster Bay Industries and Mr. Funfgeld.

DISCUSSION

I. Legal Standard

When a party fails to appear or defend an action by an adverse party, a default may be entered against the non-moving party. See Fed. R. Civ. P. 55. After entry of the default, "a defendant is deemed to have admitted all of the well-pleaded allegations raised in the complaint pertaining to liability." Time Warner Cable of N.Y. v. Rivera, No. 99-2339, 1995 WL 362429, at *2 (E.D.N.Y. June 8, 1995); see also Time Warner Cable of N.Y. v. Barbosa, No. 98-3522, 2001 WL 118606, at *5 (S.D.N.Y. Jan. 2, 2001) (quoting Transworld Airlines, Inc. v. Hughes, 449 F.2d 51, 63 (2d Cir. 1971)). Damages, however, must be proven, usually "at an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed." Rivera, 1995 WL 362429, at *2 (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1993)). Plaintiffs are "entitled to all reasonable inferences from the

---

[1] Joseph Reinhardt, a partner with the accounting form of Berdon LLP, also testified at the inquest with respect to how the audit was conducted and the amount of fringe benefit contributions found to be due and owing by Oyster Bay Industries, as well as the fees charged by his firm for the work performed. (Tr. 13-21.)

evidence [they] offer[]." Cablevision Sys. New York City Corp. v. Lokshin, 980 F. Supp. 107, 112 (E.D.N.Y. 1997) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)).

II.  ERISA

ERISA requires every employer who enters into a collective bargaining agreement to make those contributions "in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Thus, in deciding upon damages in a case under ERISA, the Court must look to the agreement between the parties. To ensure that employers will make their contributions in a timely manner, Section 1132(g)(2) of ERISA provides for additional monies to be paid by delinquent employers. See 29 U.S.C. § 1132(g)(2); Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, 68 F.3d 1502, 1506 (2d Cir. 1995). Section 1132(g)(2) of ERISA provides, in pertinent part, that:

> In any action . . . by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan - (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of - (i) interest of the unpaid contributions, or (ii) liquidated damages provided under the plain not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant.

29 U.S.C. § 1132(g)(2).

III. Damages

A.  Unpaid Contributions

Based on the testimony and the documentary evidence offered by plaintiffs at the

inquest held on January 25, 2011, the undersigned recommends that damages be awarded in the amount of $44,161.53. (Tr. 19; Pl. Statement of Damages ¶ II; Pl. Ex. 7.) This amount reflects unpaid contributions owed to the Union for the period January 1, 2007 through December 31, 2009. (Pl. Ex. 7.)

B.     Interest

Pursuant to Section 502(g) of ERISA, plaintiffs are entitled to interest on the unpaid contributions. See 29 U.S.C. § 1132(g)(2)(B). Plaintiffs seek interest from June 1, 2008 through May 31, 2008 at the prime rate of 5.00% per annum and from June 1, 2008 through the date of judgment herein, at the prime rate of 3.25% per annum. (Pl. Statement of Damages ¶ IV.) As of the date of the inquest - January 25, 2011 - the interest due and owing amounted to $2,544.65, with additional interest accruing at a rate of $4.04 per day. (Pl. Statement of Damages ¶ IV.) As of the date of this Report and Recommendation, the amount of interest due and owing is $2,799.17.[2] Accordingly, I recommend that plaintiffs be awarded interest in the amount of $2,799.17, plus additional interest through the date of judgment entered herein, to be calculated at a rate of $4.04 per day.

C.     Liquidated Damages

ERISA provides that the plaintiffs are entitled to liquidated damages in the amount of twenty percent (20%) of the unpaid contributions. See 29 U.S.C. § 1132(g)(2)(C). Such liquidated damages amount to $8,832.31. (Pl. Statement of Damages ¶ III.) Accordingly, I recommend that plaintiffs be awarded liquidated damages in the amount of $8,832.31.

---

[2] This amount was calculated by multiplying the amount of interest accruing daily - $4.04 - by the number of days - 63 - between the inquest held on January 25, 2011 and today.

D. Post-Judgment Interest

28 U.S.C. § 1961 states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). The very language of 28 U.S.C. § 1961 ensures that an award of post-judgment interest is mandatory in any civil case where money damages are recovered. See 28 U.S.C. § 1961(a) (stating that "[i]nterest *shall* be allowed") (emphasis added); see also Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered."). "Such interest shall be calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). This interest is to be "computed daily to the date of payment." Id. § 1961(b).

Accordingly, I recommend that plaintiffs be awarded post-judgment interest on their monetary award, to be calculated pursuant to 28 U.S.C. § 1961.

E. Audit Fees

Plaintiffs also seek to recover their fees incurred in connection with the audit conducted in this action in the amount of $4,080.74. (Pl. Statement of Damages ¶V(b); Pl. Supplemental Statement of Damages ¶ 1(b).) The costs of an audit are routinely recoverable in ERISA actions. See, e.g., Gesauldi v. MBM Indus., Inc., No. CV 10-2607, 2010 U.S. Dist. LEXIS 96319, at *5 (E.D.N.Y. Sept. 13, 2010) (awarding $4,260 in audit costs); Masino v. A to E, Inc., No. 09 CV 1651, 2010 U.S. Dist. LEXIS 95583, at *22 (E.D.N.Y. Sept. 3, 2010) (awarding $1,137 in audit fees); Gesualdi v. Andrews Trucking Corp., No. 09 CV 565, 2010 U.S.

Dist. LEXIS 54596, at *3 (E.D.N.Y. June 3, 2010) (awarding $13,382.50 in audit fees). Accordingly, I find the audit fees requested of $4,080.74 to be both recoverable and reasonable and recommend that they be awarded to plaintiffs.

    F.    <u>Attorney's Fees</u>

Section 502(g) of ERISA permits plaintiffs to recover their reasonable attorney's fees and costs. <u>See</u> 29 U.S.C. § 1132(g)(2)(D). Attorney's fees should be "documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." <u>Kirsch v. Fleet St., Ltd.</u>, 148 F.3d 149, 172 (2d Cir. 1998). Here, plaintiffs' counsel provided records of the date, time spent, and the nature of the work performed by each person who worked on the case. The Court has reviewed these statements and finds the time spent and the fees charged to be reasonable. Accordingly, I recommend that attorney's fees be awarded in the amount requested of $4,856.00. (Pl. Statement of Damages ¶ V(a); Pl. Supplemental Statement of Damages ¶ 1(a).)

    F.    <u>Costs</u>

As stated above, ERISA permits the recovery of plaintiffs' reasonable costs as well. <u>See</u> 29 U.S.C. § 1132(g)(2)(C). Plaintiffs submitted an itemized list of expenses in the amount of $568.05 (Pl. Statement of Damages ¶ V.) The costs incurred are as follows: (1) $350 in filing fees; (2) $190 in process server fees; (3) $19.80 in postage costs; and (4) $26.10 in travel related expenses, all of which I find reasonable. Accordingly, I recommend that plaintiffs be awarded costs in the amount of $585.90.

## RECOMMENDATION

For the foregoing reasons, and based on the evidence submitted, the undersigned recommends that plaintiffs be awarded damages as follows: (1) unpaid contributions in the amount of $44,161.53; (2) interest in the amount of $2,719.99, from June 1, 2008 through the date of this Report and Recommendation, with additional interest to be awarded through the date of judgment entered herein, calculated at a rate of $4.04 per day; (3) liquidated damages in the amount of $8,832.31; (4) post-judgment interest, to be calculated pursuant to 28 U.S.C. § 1961; (5) audit fees in the amount of $4,080.74; (5) attorney's fees in the amount of $4,856.00 and, (6) costs in the amount of $585.90. Thus, the sum total of the recommended judgment is $65,236.47, plus additional interest through the date of judgment entered herein as well as post-judgment interest, pursuant to 28 U.S.C. § 1961.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any written objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Failure to file objections within fourteen (14) days will preclude further appellate review. Thomas v. Arn, 474 U.S. 140, 145 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 299-300 (2d Cir. 1992).

Plaintiffs' counsel is directed to serve a copy of this report on all parties upon receipt.

**SO ORDERED:**

Dated: Central Islip, New York
       March 29, 2011

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge